UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff<br><br>      v.<br><br>Adilene Coronel,<br><br>           Defendant | Case No. 2:21-cr-00283-CDS-EJY-2<br><br>**Order Denying Motion for<br>Sentence Reduction**<br><br>[ECF No. 103] |

Defendant Adilene Coronel moves under 18 U.S.C. § 3582(c)(2) to reduce her sentence by two levels based upon Amendment 821 to the U.S. Sentencing Guidelines (Amendment 821). ECF No. 103. The Federal Public Defender of the District of Nevada, appointed under Amended General Order 2023-09, filed a notice of non-eligibility. ECF Nos. 109; 111. Because Coronel does not qualify for an adjustment to her criminal-history points or her offense level, I deny the motion for a sentence reduction.

**I.      Legal standard**

Under 18 U.S.C. § 3582(c)(2), courts use a two-step process to determine whether a sentence modification is warranted. First, the court must determine if a retroactive amendment to the Sentencing Guidelines lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, the court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. Amendment 821 was given retroactive effect beginning February 1, 2024. U.S.S.G. 1B1.10(e)(2).

Part A of Amendment 821 limits the overall criminal history impact of "status points" under § 4A1.1 (Criminal History Category). Specifically, a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status," previously received two additional criminal history points. The newly amended § 4A1.1 eliminates such status points for any defendant who has six or fewer criminal history points; and applies one point, instead of two, for defendants with seven or more criminal-history points.

Part B of Amendment 821 provides a two-level reduction in the offense level for certain zero-point offenders. U.S.S.G. § 4C1.1. An offender who receives no criminal history points, and whose offense did not involve specific aggravating factors, may receive a two-level decrease in offense level.

## II. Discussion

In her motion, Coronel simply argues that because she is a first-time offender, she is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new amendment to U.S.S.G. § 4C1.1. ECF No. 103 at 3. Coronel's counsel has determined that she does not qualify for a sentence reduction. ECF No. 111. Coronel was sentenced to 65 months on April 3, 2023. J., ECF No. 102. The court adopted the presentence report without change. Coronel had zero criminal history points at sentencing, placing her in a criminal history category of I. PSR, ECF No. 100 at 9–10. With a total offense level of 31 and criminal history category of I, Coronel's guideline range was 108 to 135 months. *Id.* at 19. Considering her personal history, and the nature and circumstances of the offense, probation recommended a sentence of 90 months, with the safety valve provision and variance. *Id.* at 17.

Following the application of Amendment 821, Coronel's total offense level would fall to 29. Based on a total offense level of 29 and a criminal history category of I, her amended guideline range would be 87–108 months. *See* U.S.S.G. ch. 5, part A. This is significantly higher than the 65 month sentence she received. J., ECF No. 102. As a result, sentence reduction is not warranted under Part B and Coronel's sentence remains unchanged.

Coronel is also not eligible for a sentence reduction under Part A because she did not receive any status points for being under a criminal justice sentence at the time of the offense. PSR, ECF No. 100 at 10; *see also* ECF No. 111 at n.1. In sum, a sentence reduction is not warranted under Part A nor B to Amendment 821.

### III. Conclusion

Therefore, IT IS ORDERED that defendant's motion for a sentence reduction [ECF No. 103] is DENIED with prejudice.

Dated: April 1, 2024

_____
Cristina D. Silva
United States District Judge